UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFREY JAMES DERKE,

                Plaintiff,

v.                              Case No. 23-cv-1144-pp

CHRISTOPHER STEVENS,

                Defendant.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 11)**

---

Plaintiff Jeffrey James Derke, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights have been violated. The court screened the complaint and determined that it did not state a claim. Dkt. No. 10 at 4-5. The court gave the plaintiff an opportunity to file an amended complaint; this order screens that amended complaint. Dkt. No. 11.

**I.    Screening the Amended Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case

1

under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   Amended Complaint's Allegations

The plaintiff has sued Christopher Stevens, who is the Warden of Green Bay Correctional Institution. Dkt. No. 11 at 1. He alleges that on June 28, 2023, Stevens placed Green Bay on "a 24/7 lock-down" which caused "mental distress, neglect, and tor[ture] of inmates at GBCI." Id. at ¶1. The plaintiff states that Green Bay has been left in a severe state of disrepair and that it is

unsafe, that Stevens is aware of this and that he not done anything to address it. Id. at ¶2. The plaintiff states that there are mice, rats, birds and bats infesting the cell hall and that the animals are getting into the food. Id. at ¶3. He alleges that due to the lockdown, incarcerated individuals have been denied "any and all rights to practice th[eir] religion of choice and or the right to properly practice in the manner that th[eir] religion is to be practiced." Id. at ¶4. The plaintiff says that due to the lockdown, incarcerated persons are lucky to get one shower per week. Id. at ¶5. He states that this makes tensions extremely high and causes violence within cell blocks. Id.

For relief, the plaintiff seeks compensatory damages and asks the court to order staff at Green Bay to fix the safety issues at Green Bay. Id. at 4.

C.  Analysis

To establish a constitutional violation with respect to prison living conditions, an incarcerated individual must be able to demonstrate both (1) the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the claim's objective prong) and (2) the defendant acted with deliberate indifference with respect to the conditions (the claim's subjective prong). Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 832, 834 (1994)). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987)). Although "extreme deprivations are required," Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001), and "routine discomfort[s]" do not suffice, Hudson v. McMillian, 503 U.S. 1, 9 (1992), "[s]ome conditions . . . may establish an Eighth Amendment violation in combination when each alone would not do so," and other

3

conditions that may not be sufficiently serious for a short period of time, "can become an Eighth Amendment violation . . . if endured over a significant time." Gray, 826 F.3d at 1005 (citations omitted). "Deliberate indifference . . . means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." Townsend, 522 F.3d at 773. Establishing that an official acted negligently does not suffice. "Instead, the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." Id.

The plaintiff may proceed on an Eighth Amendment claim against defendant Stevens based on allegations that since the lockdown went in effect in June 2023, mice, rats, birds and bats have infested his cell hall, that the animals are getting into the food and that defendant Stevens is aware of the problem. The court presumes that the animals have gotten in *the plaintiff's cell* and *the plaintiff's food*. Construed liberally, the plaintiff states an Eighth Amendment claim against defendant Stevens in his individual capacity based on these allegations.

The plaintiff has not stated a claim based on his allegation that incarcerated individuals have not been allowed to practice their religion during the lockdown because the allegation is conclusory. See Iqbal, 556 U.S. at 678. His allegations that incarcerated individuals are lucky to get one shower per week does not amount to a constitutional violation because the plaintiff has not alleged that *he* has not received adequate showers or opportunities to wash.

4

## II. Conclusion

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the amended complaint (Dkt. No. 11) and this order to the Wisconsin Department of Justice for service on defendant Christopher Stevens. Under the informal service agreement, the court **ORDERS** that defendant to file a responsive pleading to the amended complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are not incarcerated or who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 17th day of June, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

6

Case 2:23-cv-01144-PP   Filed 06/17/24   Page 6 of 6   Document 13